**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4593**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

ROYLIN JUNIUS BEALE,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Greenville.  Louise W. Flanagan,
District Judge.  (4:11-cr-00030-FL-1)

_____

Submitted:  February 26, 2013          Decided:  April 2, 2013

_____

Before SHEDD, KEENAN, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, James E. Todd, Jr., Research
and Writing Attorney, Raleigh, North Carolina, for Appellant.
Thomas G. Walker, United States Attorney, Jennifer P. May-
Parker, Yvonne V. Watford-McKinney, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roylin Junius Beale pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006). He received an above-Guidelines sentence of 118 months' imprisonment. On appeal, Beale argues his sentence is procedurally unreasonable because the district court misapplied the guideline for under-representation of criminal history, and failed to address the mitigating factors he presented. He also challenges the substantive reasonableness of his sentence claiming it fails to reflect any meaningful credit for pleading guilty. We affirm.

We review sentences for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2006) factors, and sufficiently explained the selected sentence. Id. at 49-51. If the sentence is free of significant procedural error, we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51.

2

"When rendering a sentence, the district court must make an individualized assessment based on the facts presented," United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted), and must "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Gall, 552 U.S. at 50. When a district court imposes a sentence that falls outside of the applicable Guidelines range, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). In conducting this review, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 552 U.S. at 51.

In its statement of reasons attached to the judgment, the district court stated it had granted "an upward departure based on [U.S. Sentencing Guidelines Manual] § 4A1.3 [2011] and increased the top of the guideline range by 31 months, resulting in a sentence of 118 months which the court found to be a sufficient sentence." Beale first challenges the procedural aspect of his sentence on the ground that the district court failed to properly implement an incremental approach when

3

determining the degree of its upward departure, as required by USSG § 4A1.3(a)(4)(B). As this court has explained, however, "[s]ection 4A1.3's mandate to depart incrementally does not, of course, require a sentencing judge to move only one level, or to explain its rejection of each and every intervening level." United States v. Dalton, 477 F.3d 195, 199 (4th Cir. 2007) (citations omitted). Nor must the district court "go through a ritualistic exercise in which it mechanically discusses each criminal history category [or offense level] it rejects en route to the category [or offense level] that it selects." Id. (citations omitted) (alterations in original). Nevertheless, "[t]he farther the [sentencing] court diverges from the advisory guideline range," the more a reviewing court must "carefully scrutinize the reasoning offered by the district court in support of the sentence." United States v. Hampton, 441 F.3d 284, 288 (4th Cir. 2006).

Here, the district court did not conduct an incremental analysis of its upward departure under USSG § 4A1.3. This procedural error, however, is harmless where an "upward variance based on the § 3553(a) factors justifie[s] the sentence imposed." United States v. Rivera-Santana, 668 F.3d 95, 104 (4th Cir.), cert. denied, 133 S. Ct. 274 (2012). Even when the district court does not formally grant a variance, the resulting sentence may nonetheless be upheld as reasonable where "the

4

district court adequately explained its sentence on alternative grounds supporting a variance sentence, by reference to the 18 U.S.C. § 3553(a) factors." United States v. Grubbs, 585 F.3d 793, 804 (4th Cir. 2009) (relying on district court's discussion of the § 3553(a) factors to affirm a sentence as a reasonable variance, even though the district court had granted a departure on a basis that turned out to be improper); United States v. Evans, 526 F.3d 155, 164 (4th Cir. 2008) (finding that, even if the Guidelines themselves do not sanction the deviation, the sentence remains reasonable because it properly reflects the § 3553(a) considerations); see also United States v. Diosdado-Star, 630 F.3d 359, 365-66 (4th Cir.) ("[T]he method of deviation from the Guidelines range—whether by a departure or by varying—is irrelevant so long as at least one rationale is justified and reasonable."), cert. denied, 131 S. Ct. 2946 (2011).

Our review of the record confirms that, although the district court did not formally grant a variance, it explained in great length the sentence it ultimately imposed upon Beale in terms of the § 3553(a) factors. The district court's analysis of the § 3553(a) factors as they applied in Beale's circumstances serve as alternative grounds for its sentence and they do in fact support the variant sentence ultimately imposed. Grubbs, 585 F.3d at 804-05. Thus, any procedural error with

5

respect to its departure analysis is harmless.  Rivera-Santana, 688 F.3d at 104; Evans, 526 F.3d at 165.

To the extent that Beale argues the court failed to expressly consider the mitigating evidence he presented at sentencing, his claim is belied by the record.  The district court considered Beale's "difficult childhood," but found it to be "no excuse" for his "[in]ability to conform his conduct to socially accepted standards," his failure to "submit to authority," and "the dangerousness that [he] presents" as "demonstrated on the [very mature] record."

Last, Beale argues his sentence is substantively unreasonable because the district court did not meaningfully consider his acceptance of responsibility.  We conclude the sentence imposed upon Beale is also substantively reasonable, in light of "the totality of the circumstances."  Gall, 128 S. Ct. at 597.  The district court explained at length its decision to sentence Beale above the Guidelines range, referring multiple times to Beale's extensive criminal history and his disregard for the law and authorities.  We find the district court's decision to depart thirty-one months above the high end of the Guidelines range is supported by the record and does not constitute an abuse of discretion.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and

6

legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED